# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| ANNA F. ISAACS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROYAL BANK OF CANADA, a Canadian )<br>Chartered Bank, RBC CAPTIAL )<br>MARKETS, ANTHONY J. GIANANNI, )<br>RBC Vice-President, TODD RHOADES, )<br>and STEVEN SMITH, )<br>)<br>Defendants. ) | Case No. 14-cv-1036 |

## **O R D E R**

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. 2) in connection with her filing of a complaint alleging various state law causes of action. In support of her Application, Plaintiff states under penalty of perjury that within the last twelve months she has received pension and social security benefits. The Court found that Plaintiff did not initially provide sufficient detail in the original Application. Specifically, she did not list the amounts of the pensions, annuity, or life insurance benefits she received within the last twelve months as required by Question 3(c). Plaintiff was instructed to amend her Application within fourteen days of that Order. (Text Order, February 19, 2014). Plaintiff has now submitted an Amended Application. (Doc. 3).

An in forma pauperis applicant should be able to demonstrate that his poverty prevents him from simultaneously paying the administrative fees to

commence his lawsuit and providing the necessities of life for himself and his dependents. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Plaintiff earns roughly $1,099.00 per month, about $13,188 per year, in social security benefits and nearly $375.00 per month, totaling about $4500 per year in pension benefits.[1] This means Plaintiff earns roughly $1,474.00 per month and $17,688 per year. According to the United States Department of Health and Human Services, the 2013 Poverty Guideline for a single person in the forty-eight contiguous states is $11, 490. Annual Update of the HHS Poverty Guidelines, 78 FR 5182 (Jan. 24, 2013). So Plaintiff earns roughly $6,000 above the poverty threshold per year.

The only monthly expense Plaintiff listed on her Application is $300.00 for a loan she took out for her son's burial. The Court will assume that Plaintiff also eats and therefore spends money on food every month, so the Court has consulted tables provided by the United States Department of Agriculture's Center for Nutrition Policy and Promotion, which list average monthly costs of food. Official USDA Food Plans: Cost of Food at Home at Four Levels, U.S. Average, (*available at* http://www.cnpp.usda.gov/USDAFoodCost-Home.htm). According to the December 2013 table, an average female of retirement age in the United States spends approximately $220 per month on food.[2] So Plaintiff's aggregate monthly expense is

---

[1] It is not clear from the Plaintiff's Application whether she earns the pension benefits monthly or annually.
[2] The table provides four separate categories of costs, one for a thrifty plan, a low cost plan, a moderate cost plan, and a liberal plan. The Court took the average of these entries to arrive at the $220.00 figure.

...

approximately $520.00. Subtraction reveals Plaintiff's monthly income less her monthly expense leaves her with an excess of roughly $954.00 dollars a month.

The current fee for filing a civil action in a United States District Court is $400.00. This means to file her action, Plaintiff would have to spend approximately slightly more than forty-two percent of one month's net income. That is a large percentage of one's monthly income. However, Plaintiff states she also has $2,000.00 in a bank account and owns two automobiles.

Based upon the information provided in her Applications (original and amended), Plaintiff has not demonstrated that she is so impoverished that she cannot afford to pay the court's filing fees. The Seventh Circuit has cautioned that "[t]he privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). [3]

IT IS THEREFORE ORDERED that Plaintiff's Motion to Proceed in forma pauperis [Doc. 2] and Amended Motion [Doc. 3] are DENIED. Plaintiff SHALL submit the applicable filing fee within thirty (30) days of this order.

Entered this 24th day of February, 2014.

---

[3] In connection with the Court's review of Plaintiff's Petition to Proceed in forma pauperis under 28 U.S.C. § 1915, the Court has also reviewed the Complaint (Doc. 1) in compliance with the Court's obligation under 28 U.S.C. § 1915(e)(2). The Complaint contains an array of state law claims and purports to be brought under diversity jurisdiction as provided for by 28 U.S.C. § 1332. (Doc. 1 at 1). There does not seem to be any reason why Plaintiff could not bring these same claims in state court should she not be able to pay this court's filing fee. Thus, Plaintiff would not be deprived of legal remedy if she cannot proceed in this United States district court.

                                                                                                                                 s/ Joe B. McDade
                                                                         JOE BILLY McDADE
                                                   United States Senior District Judge