UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANNA F. ISAACS and JODY D. KIMBRELL, <br><br>  Plaintiffs, <br><br> v. <br><br> ROYAL BANK OF CANADA, a Canadian Chartered Bank, RBC CAPTIAL MARKETS CORPORATION, ANTHONY J. GIANANNI, RBC Vice-President, TODD RHOADES, and STEVEN SMITH, <br><br>  Defendants. | Case No.   14-cv-1036 |

## O R D E R  &  O P I N I O N

This matter is before the Court upon the Motion To Dismiss (Doc. 15) brought by Defendants Royal Bank of Canada, RBC Capital Markets Corporation and Anthony J. Giannini pursuant to Federal Rule of Civil Procedure 12(b)(1). The matter has been fully briefed and is ready for disposition. For the reasons stated below the Motion to Dismiss is GRANTED.

### LEGAL STANDARDS

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Schaefer v. Transp.*

*Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988); *Kontos v. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal under Rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations. *Schaefer*, 859 F.3d at 1253; *Kontos*, 826 F.2d at 576.

## FACTUAL BACKGROUND[1]

As best as this Court can decipher from the Amended Complaint,[2] Anna Isaacs and Jody Kimbrell are suing the Royal Bank of Canada, a Canadian chartered bank, RBC Capital Markets Corporation, Anthony Giannini, Steven Smith and Todd Rhoades for their involvement in extending them mortgages. Plaintiffs allege these Defendants used false and fraudulent mortgage documents to underwrite the Plaintiffs' loans. The Amended Complaint alleges five causes of action: Fraudulent Conveyance of Real Property, Fraudulent Mortgage Documents, Deceptive Business Practices, Breach of Fiduciary Duty, and Gross Negligence. Plaintiffs unambiguously state the basis for the Court's jurisdiction over these causes of action is 28 U.S.C. § 1332. (Doc. 6 at 1-2).

Plaintiffs state they are citizens of different states and countries other than Defendants. (Doc. 6 at 2). They state that they are residents of Illinois and provide their residential addresses but they do not affirmatively state that they are citizens or domiciliaries of Illinois. Defendants have produced a declaration from Anthony

---

[1] Unless otherwise noted, the Court draws the facts in this section from the Amended Complaint (Doc. 6), treating the Plaintiffs' allegations as true and drawing all reasonable inferences in their favor, in accordance with the motion to dismiss standard described above.

[2] Arguably, the Amended Complaint fails to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure as interpreted by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny. But that issue is not before the Court.

Giannini in which he affirms under penalty of perjury that he is a citizen and resident of Illinois and was so when this action was commenced. (Doc. 17-2).

Defendants contend there is a pending state foreclosure action in which Plaintiff Isaacs is a defendant, *Federal National Mortgage Association v. Kimbrell Realty/Jeth Court, LLC et al.*, Case No. 12-CH-97, currently pending in the Tenth Judicial Circuit of Illinois, Peoria County. (Doc. 17 at 1). Plaintiffs concede that Case No. 12-CH-97 is an ongoing state action. (Doc. 19 at 4). Defendants move for dismissal of this action based upon lack of subject-matter jurisdiction as well as the *Colorado River* abstention doctrine.[3]

## DISCUSSION

The Amended Complaint clearly states that it is being brought pursuant to 28 U.S.C. § 1332, which confers diversity jurisdiction over the district courts, not federal question jurisdiction. It is well established that "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party." *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993). Diversity jurisdiction is subject-matter jurisdiction. *Home Fed. Sav. Bank v. Ticor Title Ins. Co.*, 695 F.3d 725, 729 (7th Cir. 2012). When there is no

---

[3] Under the *Colorado River* abstention doctrine, "when the proper exceptional circumstances exist, a federal court can abstain from exercising jurisdiction and defer to the concurrent jurisdiction of a state court when there is a parallel state court action pending." *Starzenski v. City of Elkhart*, 87 F.3d 872, 878 (7th Cir. 1996) quoting *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1306 (7th Cir. 1988); *see also Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

subject-matter jurisdiction, a district court is without any power or authority to adjudicate the matter and the case must be dismissed. *See Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006).[4] The Court has reviewed the Amended Complaint and has not found any federal law causes of action.

In this case, Plaintiffs state they are citizens of different states and countries other than Defendants. (Doc. 6 at 2). They state that they are residents of Illinois and provide their residential addresses but they do not affirmatively state that they are citizens of Illinois. Although the Amended Complaint never states that the Plaintiffs are citizens or domiciliaries[5] of Illinois, given the factual allegations of residency and that the Plaintiffs are proceeding *pro se*, the Court logically infers that when Plaintiffs say they are residents of Illinois, they mean that they are citizens of Illinois. "Citizenship" depends on where one is domiciled, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and these Plaintiffs appear to be domiciled in Peoria County, Illinois. (*See* Doc. 6 at 1-2).

However, defendant Anthony J. Giannini is also a citizen and domiciliary of the state of Illinois. (See Doc. 17-2). Therefore, complete diversity between the parties is lacking and there is no diversity jurisdiction. There is no other viable basis for this Court to retain jurisdiction over the matter. 28 U.S.C. § 1367(b) disallows district courts from exercising supplemental jurisdiction over claims brought in actions over which the courts had original jurisdiction based solely on 28 U.S.C. § 1332. Consequently, this matter must be dismissed.

---

[4] Dismissal based upon lack of subject-matter jurisdiction cannot be with prejudice. *See Murray*, 467 F.3d at 605.
[5] A domiciliary is a person who resides in a particular place with the intention of making it a principal place of abode. BLACK'S LAW DICTIONARY, (9th. ed. 2009).

The Court makes no ruling on the issue of *Colorado River* abstention.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. 15] is GRANTED. CASE TERMINATED.

Entered this 8th day of April, 2014.

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge